# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

**DAVID LEE SELLERS,**

    **Plaintiff,**

    v.                               Civil Action No. 15-cv-10023-IT

**MITT ROMNEY, et al.,**

    **Defendants.**

## ORDER

September 29, 2016

**TALWANI, D.J.**

For the reasons stated below, the Court orders that this action be DISMISSED.

State inmate David Lee Sellers, proceeding *pro se*, filed a complaint in which he alleges that the failure of former Massachusetts Governor Mitt Romney and others to provide adequate funding for court-appointed private criminal defense attorneys representing clients in Suffolk County led to his wrongful conviction. Seller seeks damages for the thirteen years he has been allegedly wrongly incarcerated and a declaration that the defendants' conduct violated his rights under federal law.

In a memorandum and order dated October 26, 2015 (D. 7), the Court directed Sellers to show cause why the action should not be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. The Court held that he had not stated a claim upon which relief could be granted because (1) a prisoner cannot challenge the validity of his confinement through a civil rights action; and (2) compensation for an allegedly unconstitutional conviction or imprisonment is only available where a plaintiff can prove that his conviction has been reversed on appeal or

otherwise invalidated.  The latter doctrine, enunciated by the Supreme Court in *Heck v. Humphrey,* 512. U.S. 477, 486-87 (1994), is often referred to as the "favorable termination" rule.

On November 9, 2015, the Clerk received Sellers's show cause response (D. 10).  In this document, the plaintiff does not contest the Court's holding in the show cause order that his claims are precluded by the favorable termination rule of *Heck*.  Rather, Sellers asks that the Court stay this action pending state court appellate review of the denial of his motion for a new trial.  He represents that his application for Further Appellate Review is pending before the Commonwealth's Supreme Judicial Court, and that he anticipates a positive outcome.

The Court cannot allow the plaintiff's request for a stay.  The Supreme Court has explicitly held that where *Heck*'s favorable termination rule precludes a civil action, a district court must dismiss the action immediately rather than stay the action while the plaintiff attempts to overturn or otherwise invalidate the challenged conviction or sentence.  *See Edwards v. Balisok*, 520 U.S. 641, 649 (1997).  This is because a claim under 42 U.S.C. § 1983 for an allegedly unconstitutional conviction or sentence simply does not exist until the criminal proceedings have terminated in the plaintiff's favor.  *See Heck*, 512 U.S. at 489.[1]

Accordingly, the Court orders that this action be DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and  1915A(b)(1) for failure to state a claim upon which relief may be granted.

---

[1] The Court notes that a publically-available docket indicates that the Supreme Judicial Court denied Sellers's application for Further Appellate Review on October 30, 2015.  *See Commonwealth v. Sellers*, FAR-23810 (Mass. Oct. 30, 2015); *docket available through* http://www.ma-appellatecourts.org/index.php (last visited September 28, 2016).  The United States Court of Appeals for the First Circuit subsequently denied Sellers's request for permission to file a second or successive petition for a writ of  habeas corpus under 28 U.S.C. § 2254.  *See Sellers v.O'Brien*,  App. No. 16-1296 (1st Cir. May 18, 2016).

**SO ORDERED.**

                                                       /s/ Indira Talwani
                                                       Indira Talwani
                                                       United States District Judge